UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
ROBERT T. MATSUI UNITED STATES COURTHOUSE
501 I STREET, SUITE 3-200
SACRAMENTO, CA 95814

In re
COLTON PAULHUS,
Debtor.

STEVEN SONZA,
Plaintiff,
v.
COLTON PAULHUS,
Defendant.

Bankruptcy Case No. 24-24588-B-7

Adversary Proceeding No. 25-02058-B

MOTION FOR DEFAULT JUDGMENT

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Plaintiff Steven Sonza respectfully moves this Court for entry of default judgment against Defendant Colton Paulhus pursuant to Federal Rule of Civil Procedure 55(b), as made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7055.

PROCEDURAL BACKGROUND

On June 3, 2025, this Court entered its Order Directing the Entry of Defendant's Default and Providing for Motion for Default Judgment. The Court found that entry of default against Defendant Colton Paulhus was necessary and appropriate due to Defendant's failure to plead or otherwise defend as provided by Federal Rule of Civil Procedure 55(a) and Federal Rule of Bankruptcy Procedure 7055. Pursuant to that Order, Plaintiff now seeks entry of default judgment in the amount specified herein.

NATURE OF DEFENDANT'S CONDUCT

Defendant Colton Paulhus acted as Chief Executive Officer, principal, and controlling agent of Anchored Tiny Homes, a California limited liability company that operated as and held itself out to be a de facto corporation. Despite its formal LLC structure, Anchored Tiny Homes conducted business using corporate nomenclature, maintained a corporate hierarchy with formal officer titles, and consistently represented itself to the public as a corporation.

Evidence of Corporate Operations and Representations

Defendant used corporate terminology in official communications to franchisees, stating in an August 1, 2024 email: "the corporate situation is unfortunate" and "We are close to resolving the issue and will work tirelessly to tie up all loose ends on the corporate side." See Anchored Tiny Homes Faces Backlash, Lawsuits After Abrupt Shutdown, Franchise Times (Sept. 17, 2024), available at https://www.franchisetimes.com/news/anchored-tiny-homes-faces-backlash-lawsuits-after-abrupt-shutdown/.

The entity operated with a formal corporate structure, reporting "$95.2 million in gross sales for 47 corporate territories, according to Anchored Tiny Homes' 2024 franchise disclosure document." Id. Defendant consistently held himself out as "CEO" of what he described as a "$100 million company." See California Anchored Tiny Homes Headed Toward Bankruptcy Amid Allegations of Fraudulent Business Practices, Law Commentary (Oct. 29, 2024), available at https://lawcommentary.com/california-anchored-tiny-homes-headed-toward-bankruptcy/.

On his podcast "Gathering the Kings," Defendant publicly stated: "We signed $100 million of customers." See Anchored Tiny Homes customers lose thousands, left with unfinished projects after company shuts down, ABC7 San Francisco (Aug. 14, 2024), available at https://abc7news.com/anchored-tiny-homes-customers-lose-thousands/. Multiple industry publications consistently referred to Defendant as "CEO" and described his operation in terms of corporate structure and revenue. See Anchored Tiny Homes: How 6 Failed Businesses Paved the Way for a $100 Million Company, 1851 Franchise (Apr. 24, 2024), available at https://1851franchise.com/anchored-tiny-homes-how-6-failed-businesses-paved-the-way/.

The entity's formal corporate operations, public corporate representations, systematic structure with corporate territories, and Defendant's own use of corporate terminology in official communications establish that this conduct constitutes fraudulent deceit within the meaning of California Civil Code §§ 1709–1710 and false statements by a corporate officer under California Corporations Code § 1507.

The scale, structure, and systematic nature of Defendant's fraudulent scheme—conducted through an entity operating as a de facto corporation with formal corporate hierarchy, corporate territories, corporate revenue reporting, and express corporate representations to the public—establishes that this conduct constitutes corporate fraud for purposes of all applicable laws and remedies, including eligibility for the Victims of Corporate Fraud Compensation Fund.

STATEMENT OF DAMAGES

Plaintiff respectfully requests this Court enter judgment in the following amounts, which represent actual and reasonable damages directly caused by Defendant's fraudulent conduct:

COMPENSATORY DAMAGES

1. Principal Fraud Damages: $316,700.00 This amount represents the total sum fraudulently obtained by Defendant through unauthorized withdrawals from Plaintiff's bank accounts and breach of the ADU construction contract. Plaintiff paid $316,700.00 and received only minimal services, resulting in a net loss that accounts for the full financial harm caused by Defendant's fraudulent scheme, as documented in previously submitted evidence.

2. Lost Rental Income: $41,400.00 Defendant's abandonment of the ADU construction project has deprived Plaintiff of rental income from a 2-bedroom, 2-bathroom accessory dwelling unit. Based on fair market rental rates of $2,300 per month for comparable properties in Rohnert Park, California, and accounting for an 18-month period (12 months for construction and 6 months for leasing, a reasonable timeframe for project completion and rental), Plaintiff has suffered lost rental income in the amount of $41,400.00 ($2,300 × 18 months).

3. Emotional Distress Damages: $50,000.00 Plaintiff, a 100% service-connected disabled veteran suffering from documented Post Traumatic Stress Disorder, Major Depressive Disorder, and Agoraphobia with Panic Disorder, has suffered severe exacerbation of his pre-existing conditions as a direct result of Defendant's fraudulent conduct. The financial devastation caused by Defendant's actions has significantly worsened Plaintiff's mental health conditions, as documented by medical records previously submitted to this Court. This amount represents reasonable compensation for the documented psychological harm suffered.

4. Costs for Legal Research and Preparation: $5,000.00 Plaintiff, proceeding pro se due to financial constraints caused by Defendant's fraud, has expended substantial time, effort, and resources in prosecuting this action. Courts may award reasonable compensation for such costs in fraud actions. This amount represents a conservative estimate of the value of Plaintiff's legal work.

5. Court Costs and Filing Fees: $350.00 Plaintiff has incurred reasonable and necessary costs in prosecuting this action, including filing fees and service costs, as documented in previously submitted evidence.

## PUNITIVE DAMAGES

6. Punitive Damages: $150,000.00 Defendant's conduct warrants the imposition of punitive damages under California Civil Code § 3294 based on the following factors: (a) the egregious nature of perpetrating fraud against a 100% disabled veteran; (b) Defendant's systematic pattern of fraudulent conduct affecting over 700 victims statewide; (c) the need for deterrent effect to prevent similar fraudulent schemes targeting vulnerable populations; and (d) the proportionality of this amount given the scope and scale of Defendant's fraudulent enterprise.

## PRE-JUDGMENT INTEREST

7. Pre-Judgment Interest Plaintiff respectfully requests pre-judgment interest on the compensatory damages of $413,450.00 from January 10, 2025, the date of Defendant's fraudulent conduct, to the

date of judgment, calculated at 7% per annum pursuant to California Civil Code § 3287.

TOTAL JUDGMENT REQUESTED: $563,450.00 Plus pre-judgment interest and such other relief as the Court deems just and proper.

CONCLUSION

Plaintiff's damages are reasonable, well-documented, and directly caused by Defendant's fraudulent actions. The Court's default finding establishes Defendant's liability. Plaintiff respectfully requests this Court enter default judgment in the amount specified above and make the following specific findings:

1. That Defendant Colton Paulhus, acting in his capacity as Chief Executive Officer and controlling agent of Anchored Tiny Homes, a California limited liability company operating as a de facto corporation, engaged in fraud, misrepresentation, and deceit made with intent to defraud Plaintiff;

2. That such conduct constitutes fraudulent deceit within the meaning of California Civil Code §§ 1709–1710 and false statements by a corporate officer under California Corporations Code § 1507;

3. That Plaintiff was a resident of California at the time the fraud occurred; and

4. That this judgment is based on corporate fraud, misrepresentation, and deceit made with intent to defraud;

5. **That the debt arising from this judgment is nondischargeable under 11 U.S.C. § 523(a)(2)(A) as it was obtained by false pretenses, false representation, or actual fraud;**

6. **That Plaintiff is hereby granted permission to proceed with collection efforts against Defendant notwithstanding Defendant's Chapter 7 bankruptcy filing;**

7. **That collection efforts against Defendant are likely to be unsuccessful due to the following factors: (a) Defendant's relocation outside the State of California to Washington State; (b) Defendant's Chapter 7 bankruptcy filing indicating insolvency; (c) the complexity of pursuing collection across state lines against a bankruptcy debtor; (d) Defendant's surrender of significant assets in bankruptcy proceedings including real estate and vehicles; and (e) the systematic nature of Defendant's fraud affecting over 700 victims, making individual collection efforts extremely difficult and unlikely to succeed; and**

8. **That despite diligent efforts, collection on this judgment through traditional means would be futile given Defendant's current financial condition, geographic location, and bankruptcy status.**

Such findings will ensure justice for a disabled veteran who has been defrauded of his life savings, provide Plaintiff with all available legal remedies, and support eligibility for restitution through the Victims of Corporate Fraud Compensation Fund.

Dated: June 10, 2025

Respectfully submitted,

(Digitally Signed)

Steven Sonza, Plaintiff 7200 Roxanne Lane Rohnert Park, CA 94928 (707) 479-9978 <steviesonz@gmail.com>
Pro Se Plaintiff

DECLARATION

I, Steven Sonza, declare under penalty of perjury under the laws of the United States that I have personal knowledge of the facts stated herein and that the foregoing is true and correct to the best of my knowledge and belief.

Executed on June 10, 2025, at Rohnert Park, California.

(Digitally Signed)

Steven Sonza

PROOF OF SERVICE

I, Steven Sonza, hereby certify that on June 10, 2025, I served a true and correct copy of the foregoing Motion for Default Judgment upon the following parties by the method indicated:

BY FIRST-CLASS MAIL (with postage prepaid):

- Colton Scott Paulhus, PO Box 15017, Tumwater, WA 98511
- Stephen M. Reynolds, Esq., 424 2nd St #A, Davis, CA 95616

BY ELECTRONIC FILING:

- Clerk of the Court, U.S. Bankruptcy Court, Eastern District of California

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on June 10, 2025, at Rohnert Park, California.

(Digitally Signed)

Steven Sonza