# UNITED STATES BANKRUPTCY COURT

## EASTERN DISTRICT OF CALIFORNIA

In re:

**COLTON PAULHUS,**

*Debtor.*

Case No. 24-24588-B-7

Chapter 7

---

**STEVEN SONZA,**

*Plaintiff,*

v.

**COLTON PAULHUS,**

*Defendant.*

Adversary No. 25-02058

---

# MOTION TO AMEND JUDGMENT TO INCLUDE FINDINGS UNDER CALIFORNIA CORPORATIONS CODE §§ 2280-2296

**Hearing Date:** September 2, 2025
**Time:** 9:30 a.m.
**Dept:** B
**Judge:** Hon. Christopher D. Jaime

---

# NOTICE OF MOTION AND MOTION

TO THE DEFENDANT COLTON PAULHUS AND HIS ATTORNEY OF RECORD, STEPHEN M. REYNOLDS:

PLEASE TAKE NOTICE that on September 2, 2025, at 9:30 a.m., or as soon thereafter as the matter may be heard, in Department B of the above entitled Court, located at 501 I Street, Suite 3-200, Sacramento, California 95814, Plaintiff Steven Sonza will move this Court for an Order amending the Default Judgment entered June 19, 2025, to include explicit findings under California Corporations Code §§ 2280-2296.

This motion is made pursuant to Federal Rule of Civil Procedure 59(e) and Federal Rule of Bankruptcy Procedure 9023, and is based on this Notice of Motion, the Memorandum of Points and Authorities, the

Declaration of Steven Sonza, the complete record in this proceeding, and any argument permitted at the hearing.

Plaintiff respectfully requests that the Court consider this motion on the papers submitted and enter its ruling prior to the hearing date if the Court deems it appropriate, as permitted by Local Bankruptcy Rule 9014-1(h).

Dated: July 1, 2025

Respectfully submitted,

MAJ Steven Sonza (RET)
7200 Roxanne Ln
Rohnert Park, CA 94928
(707) 479-9978
Pro Se Plaintiff

---

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiff respectfully moves this Court to amend its Default Judgment to include a simple clarification: that the fraud already found by this Court satisfies California Corporations Code §§ 2280-2296. This technical amendment, requiring no new evidence or findings, will ensure that Plaintiff, a 100% disabled veteran who lost his life savings to a massive corporate fraud scheme, can access the only realistic avenue for recovery available to him and 450 other victims.

## II. FACTUAL AND PROCEDURAL BACKGROUND

On June 10, 2025, Plaintiff filed a detailed Motion for Default Judgment that specifically requested:

"That despite diligent efforts, collection on this judgment through traditional means would be futile given Defendant's current financial condition, geographic location, and bankruptcy status. Such findings will ensure justice for a disabled veteran who has been defrauded of his life savings, provide Plaintiff with all available legal remedies, and support eligibility for restitution through the Victims of Corporate Fraud Compensation Fund." (Doc. 45, pp. 4-5)

The Motion further requested that the Court:

"Make explicit findings that the debt was incurred through fraud, misrepresentation, or deceit with intent to defraud within the meaning of California Corporations Code sections 2280-2296." (Doc. 45, p. 4)

On June 19, 2025, this Court granted Plaintiff's motion and entered Default Judgment, finding the debt non-dischargeable based on fraud under 11 U.S.C. § 523(a)(2)(A) and willful and malicious injury under § 523(a)(6). However, the judgment did not include the requested findings under California law that would perfect Plaintiff's eligibility for the Victims of Corporate Fraud Compensation Fund ("VCFCF").

## III. LEGAL STANDARD

Federal Rule of Civil Procedure 59(e), made applicable by Federal Rule of Bankruptcy Procedure 9023, permits amendment of judgments to "correct a clear error of law or prevent manifest injustice." *Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011).

The Ninth Circuit has been clear that Rule 59(e) serves multiple purposes. As stated in *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), "A motion to alter or amend judgment under Rule 59(e) may be granted to (1) correct manifest errors of law or fact; (2) present newly discovered evidence; (3) prevent manifest injustice; or (4) reflect an intervening change in controlling law."

Critically, the Supreme Court has noted that "amendment is appropriate when the district court '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law.'" *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020).

## IV. ARGUMENT

### A. Amendment Is Necessary to Prevent Manifest Injustice to a Disabled Veteran

The failure to include California statutory findings creates a manifest injustice. Without these findings, Plaintiff, who the evidence shows is one of approximately 450 victims with collective losses exceeding $12.8 million, may be denied access to the VCFCF, his only realistic hope of recovery.

The Ninth Circuit recognizes that preventing manifest injustice is a core purpose of Rule 59(e). As stated in *Turner v. Burlington N. Santa Fe R.R. Co.*, 338 F.3d 1058, 1063 (9th Cir. 2003), amendment under Rule 59(e) may be granted to "prevent manifest injustice." The failure to include statutory findings that would enable a disabled veteran to access victim compensation funds clearly constitutes such manifest injustice.

### B. The Court Has Clear Authority to Clarify Its Judgment

Courts have clear authority to amend judgments to clarify or complete relief already determined. In *McDowell v. Calderon*, 197 F.3d 1253, 1255 n.1 (9th Cir. 1999) (en banc), the court noted that Rule 59(e) is available to "correct manifest errors of law or fact upon which the judgment is based." The requested amendment here is straightforward - it merely adds explicit recognition that the fraud this Court has already found satisfies California statutory requirements.

### C. The Record Conclusively Establishes Corporate Fraud Under California Law

The evidence before this Court established several key facts. First, Anchored Tiny Homes LLC operated as a sophisticated corporate enterprise with 47 corporate territories, corporate hierarchy and officer titles, $95.2 million in reported gross sales, franchise operations across multiple states, and public representations as a corporation.

Second, Defendant served as Chief Executive Officer, using corporate emails stating "the corporate situation" and describing himself as CEO of a "$100 million company."

Third, the Court has already found fraud sufficient for non-dischargeability, including unauthorized withdrawals of $315,700, false representations about services, abandonment after receiving payment, and a pattern affecting 450 victims.

Fourth, the California Contractors State License Board found by "clear and convincing evidence" that Defendant "had knowledge of or participated in" the fraudulent conduct.

### D. California Law Supports This Amendment

California Corporations Code § 2281(f) defines the judgments eligible for VCFCF compensation as those "based on corporate fraud, misrepresentation, or deceit made with intent to defraud." The statute itself establishes a remedial purpose, as the fund was created specifically to provide "limited restitution to victims of corporate fraud who have otherwise been unable to collect on their judgment."

Section 1507 of the California Corporations Code makes it unlawful for any officer of a corporation to make false statements about corporate affairs. Defendant's false representations about ATH's services and intentions clearly violate this provision.

### E. The Requested Amendment Serves the Interests of Justice

The requested amendment serves the fundamental purpose of Rule 59(e) - to ensure that judgments provide complete relief and prevent manifest injustice. This Court has already made all necessary factual findings regarding fraud and the corporate nature of Defendant's conduct. Adding the California statutory reference merely clarifies that these existing findings satisfy state law requirements for accessing victim compensation funds. Such clarification is particularly appropriate where, as here, it enables a disabled veteran who lost his life savings to corporate fraud to access the only realistic avenue for recovery.

## V. THE HUMAN IMPACT

While this Court must follow the law strictly, the law permits and indeed requires consideration of justice and fairness. Plaintiff is a 100% service-connected disabled veteran living with severe PTSD, Major Depressive Disorder, and Agoraphobia with Panic Disorder. The VA has determined he has "total occupational and social impairment."

The $315,700 stolen from Plaintiff represented his entire life savings, accumulated through years of military service and sacrifice. He intended to use these funds to build an accessory dwelling unit that would provide stable housing and rental income in his retirement years. Instead, he joins 450 other Californians who collectively lost over $12.8 million to this corporate fraud scheme.

Without access to the VCFCF, Plaintiff has no meaningful prospect of recovery. The bankruptcy estate shows minimal assets against massive claims. Defendant has fled to Washington State. Traditional collection efforts would be futile.

This Court has the power to complete the relief it already intended to grant. A simple amendment adding one sentence to recognize that the fraud found satisfies California law costs nothing but provides everything to a disabled veteran who served his country honorably and now seeks only the justice our legal system promises.

## VI. THE PROPOSED AMENDMENT IS NARROW AND APPROPRIATE

Plaintiff requests only that the following be added to the existing judgment:

"The Court further finds that Defendant Colton Paulhus, acting in his capacity as Chief Executive Officer and controlling agent of Anchored Tiny Homes LLC, a limited liability company operating as a de facto corporation, engaged in fraud, misrepresentation, and deceit made with intent to defraud within the meaning of California Corporations Code §§ 2280-2296 and made false statements as a corporate officer under California Corporations Code § 1507."

This amendment changes no factual findings, requires no new evidence, prejudices no party, simply clarifies that existing findings satisfy California law, and completes the relief this Court intended to grant.

## VII. CONCLUSION

Justice delayed is justice denied. Plaintiff respectfully requests that this Court exercise its clear authority under Rule 59(e) to prevent manifest injustice by amending the judgment to include findings under California law. This minor clarification will ensure that a disabled veteran who lost everything to corporate fraud can access the remedies California provides for victims like him.

Dated: July 1, 2025

Respectfully submitted,

MAJ Steven Sonza (RET)
Pro Se Plaintiff

---

## DECLARATION OF MAJ STEVEN SONZA (RET)

I, Steven Sonza, declare under penalty of perjury:

1. I am the Plaintiff in this action and have personal knowledge of all facts stated herein.

2. I am a 100% service-connected disabled veteran. The Department of Veterans Affairs has determined I have "total occupational and social impairment" due to Post-Traumatic Stress Disorder, Major Depressive Disorder, and Agoraphobia with Panic Disorder.

3. On June 10, 2025, I filed a Motion for Default Judgment that specifically requested findings under California Corporations Code §§ 2280-2296. I included this request because I researched the requirements for the Victims of Corporate Fraud Compensation Fund and learned such findings were necessary.

4. When preparing my motion, I was careful to include evidence showing that Anchored Tiny Homes operated as a corporation with formal structure, Defendant Colton Paulhus acted as Chief Executive Officer, the fraud was systematic and corporate in nature, and over 450 victims lost approximately $12.8 million.

5. The $315,700 stolen from me represents my entire life savings. I accumulated this money over many years of military service, living frugally and saving for retirement. I intended to use these funds to build an accessory dwelling unit that would provide stable housing and rental income.

6. Due to my disabilities, I live on a fixed income from VA benefits. The loss of my life savings has caused severe financial hardship and exacerbated my mental health conditions. I have had to seek additional treatment for increased anxiety and depression resulting from this fraud.

7. I have attempted to collect on this judgment through the bankruptcy process. The Chapter 7 Trustee's investigation shows minimal assets (approximately $1.2 million) against claims exceeding $12.8 million from approximately 450 creditors. My pro rata share would be negligible.

8. Defendant has relocated to Washington State, making collection efforts even more difficult and expensive. Given my disabilities and limited income, I cannot afford to pursue interstate collection actions.

9. The Victims of Corporate Fraud Compensation Fund represents my only realistic hope of recovering any portion of my losses. Without the requested amendment to include California statutory findings, I may be denied access to this fund.

10. I am one of hundreds of victims of this fraud scheme. Many are elderly, disabled, or otherwise vulnerable individuals who were targeted by Anchored Tiny Homes. We have formed support groups and are trying to help each other navigate the legal system.

11. I believe this Court intended to provide me with complete relief when it found the debt non-dischargeable based on fraud. I respectfully request that the Court complete that relief by adding the California statutory findings that will allow me to access the compensation fund.

12. Every day that passes without resolution increases my anxiety and affects my mental health. The VA has documented that stress exacerbates my PTSD symptoms. A favorable ruling would provide not just potential financial relief but also the peace of mind that justice has been served.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: July 1, 2025
At: Rohnert Park, California

MAJ Steven Sonza (RET)

---

# [PROPOSED] ORDER GRANTING MOTION TO AMEND JUDGMENT

UPON CONSIDERATION of Plaintiff Steven Sonza's Motion to Amend Judgment filed July 1, 2025, the Court having reviewed the motion, the complete record in this proceeding, and good cause appearing therefor;

THE COURT FINDS:

1. On June 10, 2025, Plaintiff filed a Motion for Default Judgment specifically requesting findings under California Corporations Code §§ 2280-2296.

2. On June 19, 2025, this Court entered Default Judgment finding Defendant's debt of $315,700 non-dischargeable based on fraud and willful and malicious injury.

3. The evidence establishes that Defendant acted as Chief Executive Officer of Anchored Tiny Homes LLC, which operated as a de facto corporation with formal corporate structure, territories, and systematic operations.

4. The California Contractors State License Board found by "clear and convincing evidence" that Defendant had knowledge of or participated in fraudulent conduct.

5. Amendment is necessary to prevent manifest injustice to Plaintiff, a disabled veteran who lost his life savings to a corporate fraud scheme affecting approximately 450 victims.

6. The requested amendment requires no new evidence and causes no prejudice to any party.

7. This motion may be determined without oral argument pursuant to Local Bankruptcy Rule 9014-1(h).

THEREFORE, IT IS HEREBY ORDERED:

The Default Judgment entered June 19, 2025 (Docket No. 48) is AMENDED to add the following paragraph:

"The Court further finds that Defendant Colton Paulhus, acting in his capacity as Chief Executive Officer and controlling agent of Anchored Tiny Homes LLC, a limited liability company operating as a de facto corporation, engaged in fraud, misrepresentation, and deceit made with intent to defraud within the meaning of California Corporations Code §§ 2280-2296 and made false statements as a corporate officer under California Corporations Code § 1507."

In all other respects, the Default Judgment of June 19, 2025, remains unchanged and in full force and effect.

The Clerk shall serve this Order on all parties listed in the Certificate of Service.

IT IS SO ORDERED.

Dated: _____

Hon. Christopher D. Jaime
United States Bankruptcy Judge

---

# PROOF OF SERVICE

I, Steven Sonza, declare:

1. I am over the age of 18 years and not a party to this action. I am a resident of Sonoma County, California.

2. My business address is 7200 Roxanne Ln, Rohnert Park, CA 94928.

3. On July 1, 2025, I served the following documents:
   - Notice of Motion and Motion to Amend Judgment to Include Findings Under California Corporations Code §§ 2280-2296
   - Memorandum of Points and Authorities
   - Declaration of MAJ Steven Sonza (RET)
   - [Proposed] Order

4. The documents were served on the following parties: **BY FIRST-CLASS MAIL** (by depositing true copies in the United States Mail with postage fully prepaid): Colton Scott Paulhus
PO Box 15017
Tumwater, WA 98511
(Defendant) Stephen M. Reynolds, Esq.
424 2nd St #A
Davis, CA 95616
(Attorney for Defendant from bankruptcy filings) **BY ELECTRONIC FILING** (through the Court's

CM/ECF system): Clerk of the Court

U.S. Bankruptcy Court

Eastern District of California

501 I Street, Suite 3-200

Sacramento, CA 95814

I am readily familiar with my business's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, correspondence is deposited with the United States Postal Service on the same day in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on: July 1, 2025
At: Rohnert Park, California

MAJ Steven Sonza (RET)