**UNITED STATES BANKRUPTCY COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| In re: | Case No. 24-24588-B-7 |
| COLTON S. PAULHUS, | Adversary No. 25-2058 |
| | DC No. PGM-1 |
| Debtor(s). | |
| STEVEN SONZA, | |
| Plaintiff(s), | |
| v. | |
| COLTON S. PAULHUS, | |
| Defendant(s). | |

**ORDER GRANTING MOTION TO SET ASIDE DEFAULT JUDGMENT AND FOR DEFENDANT'S ATTORNEY OF RECORD TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED**

**I.**

**Introduction**

Before the court is a *Motion to Set Aside Default* filed by defendant and chapter 7 debtor Colton Paulhus. Defendant moves to set aside the default judgment entered in this adversary proceeding on June 20, 2025. Plaintiff Steven Sonza filed an opposition. No timely reply was filed.

The court has reviewed the motion, opposition, and all related documents. The court has also reviewed and takes judicial notice of the dockets in this adversary proceeding and in the parent chapter 7 case. See Fed. R. Evid. 201(c)(1). Oral argument is not necessary and will not assist in the decision-

making process. See Local Bankr. R. 1001-1(f), 9014-1(h). For the reasons explained below, the motion will be granted. Independently, defendant's attorney of record in this adversary proceeding will be required to show cause why he should not be sanctioned under Fed. R. Bankr. P. 9011 and/or the court's inherent authority.

**II.**

**Background**

This adversary proceeding originates with a hearing held in the parent bankruptcy case on March 18, 2025. The purpose of the hearing was to consider plaintiff's motion to extend the deadline to file a nondischargeability complaint against defendant. Defendant and his bankruptcy attorney (an attorney different from defendant's attorney of record in this adversary proceeding) appeared at the hearing telephonically. Relevant is that during the hearing defendant's bankruptcy attorney stated he did not represent defendant in this-or in any-adversary proceeding.[1]

At the conclusion of the March 18, 2025, hearing, the court granted plaintiff's motion. The deadline for plaintiff to file a nondischargebility complaint against defendant was extended to June 10, 2025. Plaintiff filed a pro se *Complaint to Determine Dischargeability of Debt* with claims under 11 U.S.C. §§

---

[1]Defendant also states in his sworn declaration filed in support of the motion that his bankruptcy attorney told him at their initial consultation he did not handle adversary proceedings. This apparently caused defendant to contact other attorneys about adversary proceeding representation whom he ultimately decided to not retain because of a required $85,000.00 retainer.

- 2 -

523(a)(2)(A), (a)(4), and (a)(6) and an *Amendment to Complaint to Determine Dischargeability of Debt* on May 2, 2025.

Summons issued on May 2, 2025. On May 2, 2025, plaintiff served the complaint on defendant's bankruptcy attorney and the amendment to the complaint on defendant and defendant's bankruptcy attorney. The summons was never served.

Despite service defects, defendant acknowledges that he had actual notice of this adversary proceeding on May 12, 2025, when he received papers from plaintiff. Defendant also states that he was aware this adversary proceeding was the third adversary proceeding filed against him related to his bankruptcy case.[2] Nevertheless, defendant states he did not file an answer or otherwise defend in this adversary proceeding because he believed his bankruptcy attorney would file the necessary paperwork for him and he expected his bankruptcy attorney to advise him of any legal obligations related to the adversary proceeding.

In the absence of a timely answer or other response, defendant's default was entered on June 3, 2025. Defendant was served with notice of the entry of his default on June 5, 2025. Plaintiff filed and served defendant with a motion for entry of a default judgment on June 10, 2025. An order granting plaintiff's unopposed motion for entry of a default judgment and a default

---

[2]There were two other nondischargeability proceedings pending against defendant at the time. The first is <u>ATH Ashveille, et al. v. Paulhus</u>, Adv. No. 25-02011, which was filed on January 21, 2025, and in which default judgment for plaintiffs and against defendant was entered on May 20, 2025. The second is <u>Zanzucchi v. Paulhus</u>, Adv. No. 25-02010, which was also filed on January 21, 2025, and which remains pending. All three adversary proceedings arise out of the same core of operative facts and all three include claims under § 523(a).

- 3 -

judgment for plaintiff and against defendant on plaintiff's § 523(a)(2)(A) claim were entered on June 20, 2025. The present motion followed nearly two months later on August 11, 2025.

**III.**

**Analysis**

Defendant must show "good cause" for the default judgment to be set aside. See Fed. R. Civ. P. 55(c); Fed. R. Bankr. P. 7055. Franchise Holding II, LLC v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004) (defendant as moving party bears the burden of showing "good cause"), *cert. denied*, 544 U.S. 949 (2005). The "good cause" standard requires the court to consider three factors: (1) did the moving party engage in culpable conduct that led to the default; (2) does the moving party have a meritorious defense; or (3) will reopening the default prejudice the other party. United States v. Signed Personal Check #730 of Yubran S. Mesle, 615 F.3d 1085, 1091 (9th Cir. 2010) (citations omitted). This standard is in the disjunctive which means a finding that any one of the factors is true is a sufficient reason for the court to refuse to set aside a default judgment. Id.

At the same time, a defendant who can show insufficient service would not need to show good cause to vacate a default or default judgment because "defective service obviously precludes entry of a default judgment without regard to good cause." NDF1, LLC v. Verwayne, 2025 WL 1400067, *3 (E.D.N.Y. May 14, 2025). As the court explained in Ray v. Choueka, 683 F. Supp. 3d 427 (S.D.N.Y. 2023): "A default judgment obtained by way of

- 4 -

defective service is void ab initio and must be set aside as a matter of law. This is because a Court must have personal jurisdiction over a defendant to enter a default judgment, and personal jurisdiction requires proper service of process." Id. at 430 (cleaned up). Although defective service is not raised by defendant, the court may not ignore significant service defects on the docket.

Summons properly issued. But plaintiff never served defendant with the summons. This is critical because it is the summons that tells a defendant the time within which an answer or other response must be filed. Plaintiff also did not serve defendant with the complaint. Only defendant's bankruptcy attorney who plaintiff would have known did not represent defendant in this adversary proceeding was served with the complaint. Plaintiff served defendant and defendant's bankruptcy attorney with the amendment to the complaint. However, the amendment to the complaint is neither the complaint nor is it a summons.

It is true that defendant had actual notice of this adversary proceeding on May 12, 2025. But actual notice of pending litigation is not a substitute for proper service, at least without substantial compliance with service rules. Travelers Cas. and Sur. Co. of America v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("neither actual notice nor simply naming the defendant in the complaint will provide personal jurisdiction without substantial compliance with [Civil] Rule 4."); In re Couts, 188 B.R. 949, 953 (Bankr. E.D. Mich. 1995) ("It is clear that the debtor failed to receive notice by

first-class mail as provided by Bankruptcy Rule 7004(b)(9). Although the debtor's counsel's argument demonstrates actual knowledge of the complaint on the part of the debtor, actual knowledge of a suit is not a substitute for proper service of process and does not cure a technically defective service of process."). Given the circumstances surrounding service recited above, the court is unable to conclude that plaintiff substantially complied with service rules. The court therefore has no choice but to set aside the default judgment and the default that preceded it.

That said, the court takes special note of defendant's explanation of the circumstances that lead to the entry of a default and default judgment in the first instance. Defendant's sworn declaration testimony that he did not answer or defend in this adversary proceeding because he believed his bankruptcy attorney would file the necessary paperwork and he expected his bankruptcy attorney to advise him of legal obligations in this adversary proceeding is less than truthful and not credible. From the inception of defendant's relationship with his bankruptcy attorney, defendant knew that his bankruptcy attorney did not handle adversary proceedings. Defendant was also present at the March 18, 2025, hearing and therefore would have heard his bankruptcy attorney state that he did not represent defendant in any adversary proceeding. Moreover, defendant admits he met with *other* attorneys for adversary proceeding representation but decided not to retain any because of the associated expense. The

point here is that defendant is not a credible witness.[3]

Also problematic is the argument included in the present motion based on defendant's less than truthful sworn declaration testimony. That argument strongly suggests that defendant's current attorney of record failed to make a reasonable factual inquiry before he filed the present motion. It also reflects negatively on the attorney's lack of candor and credibility. So, defendant's attorney of record in this adversary proceeding will be ordered to show cause, in writing filed by **September 19, 2025**, why he should not be sanctioned under Fed. R. Bankr. P. 9011 and/or the court's inherent authority.

**IV.**

**Conclusion**

For all the foregoing reasons, defendant's motion is **GRANTED**. The default judgment entered on June 20, 2025, and the default entered on June 3, 2025, are **VACATED**.

By **October 9, 2025**, plaintiff must obtain a reissued summons and within seven (7) days of the summons being reissued plaintiff must serve defendant and defendant's attorney of record in this adversary proceeding with the reissued summons, a copy of the May 2, 2025, complaint, and a copy of the May 2, 2025, amendment to the complaint. Service may be by first-class mail. Plaintiff must also file a certificate of service within three (3) days of

---

[3]The other point is that defendant would have had a clear understanding of the consequences of his failure to answer or defend having experienced them a month earlier in the ATH adversary proceeding.

the date the complaint, amendment to the complaint, and reissued summons are served.

Defendant is **ORDERED** to file an answer within twenty-one (21) days of the date on which the complaint, the amendment to the complaint, and the reissued summons are served.

Defendant's attorney is **ORDERED** to comply with the order to show cause above. A hearing on the order to show cause and a status conference in this adversary proceeding are set on **December 9, 2025, at 11:00 a.m.**

**IT IS SO ORDERED.**

Dated: September 03, 2025

Christopher D. Jaime, Judge
United States Bankruptcy Court

- 8 -

**INSTRUCTIONS TO CLERK OF COURT**
**SERVICE LIST**

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Steven Sonza
7200 Roxanne Ln
Rohnert Park CA 94928

Peter G. Macaluso
The Law Office of Peter Macaluso
7230 S Land Park Dr
Suite 127
Sacramento CA 95831-3658