**7**

Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive #127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Defendant
Colton Paulhus

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 24-24588-B-7 |
| COLTON PAULHUS | ADV. NO. 25-02058 |
| Debtor. / | |
| STEVEN SONZA | DATE: December 9, 2025 |
| Plaintiff, | TIME: 11:00 a.m. |
| | DEPT#: B - Courtroom 33 |
| v. | Honorable Judge Jaime |
| COLTON PAULHUS | |
| Defendant. / | |

**DEFENDANT'S COUNSEL, PETER G. MACALUSO, REPLY PURSUANT TO THIS COURT'S ORDER ON SEPTEMBER 8, 2025, DOCKET #86, TO SHOW CAUSE WHY HE SHOULD NOT BE SANCTIONED**

I, Peter G. Macaluso, Defendant's Counsel in the above instant action do hereby declare as follows:

I.   Introduction

I have been a Bankruptcy attorney for more than 20 years, primarily representing less fortunate clients, never for an amount that meets the market rate, but nevertheless to provide them an opportunity to see the issue to the end of the road, for good or for bad, offering closure.

-1-

I apologize to this Court for being the subject of this motion, and would never purposely bring a bad-faith motion.

II. Federal Rule of Bankruptcy Procedure 9011

A 9011 sanction is imposed under Federal Rule of Bankruptcy Procedure 9011 for a lawyer's or party's failure to conduct a reasonable factual inquiry before filing a bankruptcy petition, pleading, motion, or other paper.

This duty ensures that factual allegations have some evidentiary support, or are likely to have support after further investigation, and that the filing is not frivolous, legally unreasonable, or made for an improper purpose.

III. Non-Disputed Facts

1. The Debtor/Defendant, Colton Scott Paulhus ("Paulhus") filed Voluntary Chapter 7, Bankruptcy Case #24-24588 on 10/11/24, with a deadline to Object to Discharge and file an Adversary Proceeding of 1/21/25.

2. Adversary Proceeding #25-02010, Zanzucchi v. Paulhus, was filed on 1/21/25 ("Complaint #1").

3. On 3/5/25, Defendant Colton Paulhus filed an Answer to Complaint #1, In Pro Per, and on 7/16/25, I Substituted into the case as evidenced in Docket #24.

4. Adversary Proceeding #25-02010, is set for a Pre-Trial Conference on 10/21/25, in which counsel expects Defendant's Reply to Production of Documents to be completed.

5. Adversary Proceeding #25-02011, ATH Asheville v. Paulhus, was filed on 1/21/25 ("Complaint #2).

6. On 2/24/25, Docket #7, the Defendant/Debtor, In Pro Per filed a Motion to Dismiss Complaint #2, which was Denied 2/26/25, Docket #8.

7. On July 16, 2025, I, Peter G. Macaluso, substituted into Complaint #2, and has filed no further documents, nor motions but will reply in defense of the Defendant, if necessary.

8. Adversary Proceeding #25-02058, Sonza v. Paulhus, was filed 5/2/25 ("Complaint #3").

9. On 5/2/25, the Plaintiff, Steven Sonza ("Plaintiff Sonza"), In Pro Per, filed an "Amended Complaint", Docket #14.

10. On 5/8/25, Plaintiff, Sonza filed a Motion for Summary Judgment, Docket #20, setting a hearing for 6/24/25.

11. On 5/22/25, Plaintiff Sonza filed a Motion/Application to Reconsider, Docket #35.

12. On 6/24/25, the Court denied Motion for Summary Judgment as Moot, Docket #46.

13. On 6/10/25, Plaintiff Sonza, filed a Motion for Entry of Default Judgement, Docket #45, which had been granted on 6/19/25, Docket #47.

14. On 7/2/25, Plaintiff Sonza filed a Motion to Amend the Default Judgement setting a date of 9/2/25 for hearing, Docket #56.

15. On 7/9/25, Plaintiff Sonza filed an Motion to Amend his Complaint, Docket #59.

16. On 7/11/25, I prepared and filed an Answer to the Amended Complaint offered in Docket #59, which was stricken by this Court in Docket #60.

17. On 7/16/25, a Substitution of counsel was filed, Docket 65.
18. On 8/11/25, I prepared and filed a Motion to Set Aside the Default, Docket #68 through #74.
19. On 8/26/25, the Plaintiff filed a Motion for Determination, Docket #84, which was withdrawn on 8/27/25, Docket #85.
20. On 9/3/25, this Court Granted the Motion to Set Aside the Default, PGM-1, Docket #86, Reissued the Summons on Amended Complaint, to be held 12/9/25, at 11:00 a.m., and Striking the Default.
21. The Amended Complaint not been Served, has not been Answered, unless the Court deems both Served and Answered in the Docket.

IV. Factual Allegations:

1. Has Evidentiary Support

The Debtor has provided this counsel with documentation and a time-line which evidences that Anchored Tiny Homes was not insolvent until June of 2024, when the General Contractors ceased working which evidences a series of Breach of Contracts. The Debtor, had he found the right counsel could have proctored a proper defense to fraud, not Breach of Contract, perhaps not negligence, but certainly not fraud.

As such, the Debtor/Defendant does have evidentiary support to mount a viable defense to fraud, but was unable to afford representation.

2. Defense Is Not Frivolous

The Debtor's defense to this case is different than that of the other Plaintiffs in that this Plaintiff negotiated individually, and utilized none traditional financial practices.

Here, both parties were not as sophisticated as they thought. Here, regardless of the "internet" posting, marketing that equally drew them into this new "hot" market, and the new mistakes that every industry grows through.

After meeting with the Debtor/Defendant, it is counsel's belief that he can offer a good-faith defense to Fraud, Willful and Malicious Conduct, and any Fiduciary Duty owed, while not to a Breach of Contract, or Negligence.

It is also this counsel belief that the Plaintiff would rather feel he participated in this lawsuit, then win a hollow default judgment.

### 3. Defense Is Legally Unreasonable

When the Debtor filed his "Answer" to the Amended Complaint, the Substitution of Counsel was intended to be filed together. For this clerical mistake Counsel apologizes.

Additionally, counsel apologizes for the mistakenly analysis that the service prior, as well as with the reissued summons would allow for a simply Answer to set the case back on the right procedure.

### 4. Are Not Made for Improper Purpose

The Debtor/Defendant in this case is like many over the years whom are overwhelmed by the language in Court, the confusion in following the new "AI" knowledge, the pressure, and in this case the death threats and attorney's whom seemed to all want large sums of money which the Debtor/Defendant just didn't have.

When the Debtor/Defendant came to this office he had spent $7,500.00 on Chapter 7 Counsel, and was quoted up to $80,000.00 for the Complaint #2, and lost without a fight.

In this case, the Debtor/Defendant was informed that given the various three deadlines, that I would: file an Answer, and defend Complaint #1, for $5,000.00, and would attempt to file an Answer, and a Motion to Set Aside the Default in Complaint #2, for $5,000.00, and I would not be filing a Motion in Complaint #3, but would reach out to discuss settlement, or further substantial evidence which would support a Motion to Set-Aside.

When the Debtor/Defendant had filed for Bankruptcy Protection he was confident that his Bankrupcty Counsel would not allow him to end up with a half a million dollar default judgment. He filed for bankruptcy protection because his world was crashing down on him and his family, he was receiving death threats, and was forced to flew the state for their safety.

Here, I believe my actions, and those of the Debtor/Defendant were not made for an improper purpose, but to try and clear his name to some degree, attempt to allow justice to proceed, and allow both sides to tell their story and gain the satisfaction of being heard.

Before filing the Motion to Set Aside I attempted to file an Answer given improper service. That Answer was stricken. I then realized that my office failed to file my substitution of counsel before the Answer. At that point I was not certain whether the Answer was stricken because of this, or whether I needed to file the Motion to Set Aside.

When I reviewed the voluminous pleadings, declarations, exhibits, in the four associated cases, the point of insolvency, and the docket time lines, and spending time with Colton Paulhus, it became clear to me that the client had tried but did not understand the various pleadings, the difference between summary judgments, motions to dismiss, and answers. He had no clue as to the necessary procedure as to when to file which, and while he had used "AI" in the "Goggle" research he really had no clue to what he was doing.

As a father of boys, I looked at my client as a young man trying to build for his family, with little to knowledge of big business primarily through the internet, and a family that abandoned the ship leaving him astray.

Over the last 25 years, I will admit that have not represented every client in the arising Adversary Proceedings, however I never failed to guide them into filing an answer In Pro Per.  For these reasons, I, in good faith took this client, for these limited proceedings, with no disrespect to this Court, or the Plaintiffs' whom seek a day in Court, rather than by Default Judgment and a hollow personal win.

September 18, 2025  /s/ Peter G. Macaluso
Attorney, Peter G. Macaluso