**7**
Law Offices of Peter G. Macaluso
Peter G. Macaluso #215730
7230 South Land Park Drive, Suite 127
Sacramento, CA 95831
916-392-6591
916-392-6590 Facsimile

Attorney for Defendant
Colton Paulhus

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO

| | |
|---|---|
| IN THE MATTER OF | CASE NO. 24-24588-B-7 |
| COLTON PAULHUS | ADV. NO. 25-02058 |
|     Debtor.    / | |
| STEVEN SONZA | **ANSWER TO AMENDED COMPLAINT** |
|     Plaintiff, | |
| v. | |
| COLTON PAULHUS | |
|     Defendant.    / | |

COMES NOW DEFENDANT, Colton Paulhus ("Defendant"), Defendant in the instant adversary proceeding, by and through his attorney of record, Peter G. Macaluso, and does hereby Answer the Amended Complaint to Determine: (First Claim for Relief) 11 U.S.C. §523(a)(2(A); (Second Claim for Relief) 11 U.S.C.§523(a)(6); ("Complaint") filed within the instant Amended Adversary Proceeding on or about May 2, 2025 by Plaintiff, Steven Sonza, hereafter ("Plaintiff").

-1-

Defendant answers the Complaint as follows:

**I.  GENERAL DENIAL**

Defendant hereby denies, both generally and specifically, each and every allegation in the Complaint, and specifically denies any allegation that Plaintiff has been, is, or will be damaged in the amount alleged, or any manner or sum whatsoever, or is entitled to any recovery or remedy of any type whatsoever, be reason or any act, conduct, or omission of Defendant.

**II.  PARTIES**

1. Defendant does ADMIT that Plaintiffs, Steven Sonza (Plaintiff") are an individuals and entities who at all times herein alleged has resided within the Eastern District of CA.

2. Defendant does ADMIT that the Defendant is the Debtor, Colton Paulhus ("Defendant") who has at all times herein alleged resided in the County of Sacramento, California and that Defendant filed a Petition #24-24588-B-7, under Chapter 7 of the Bankruptcy code.

**III. JURISDICTION AND VENUE**

3. Defendant does ADMITS that the proceeding is brought pursuant to 11 U.S.C. 523(a)(2), 11 U.S.C. 523(a)(4), and 11 U.S.C. 523 (a)(6).

4. Defendant does ADMIT the proceeding arises out of the underling bankruptcy case, and that the Court has jurisdiction, and that this is as Core Proceeding.

5. Defendant does ADMIT the venue is proper as alleged in #1 through #4.

\\\

**IV. PARTIES**

6. Plaintiff are listed in Paragraph Numbers #5 through #21.

7. Defendant is list in Paragraph #6.

**V. FACTUAL RECITATION - GENERAL ALLEGATIONS**

8. Defendant Admits Paragraph #9, #10, #11 #19, #21, #27, #28.

9. Defendant Denies the allegations in Paragraph Numbers #12 through #18, #20, #22 through #26, #29 through #70.

**V. CLAIMS FOR RELIEF**

10. Defendant DENIES paragraph #1 through #10.

**VI. FIRST CAUSE OF ACTION: 11 U.S.C. §523(a)(2)(A)**

11. Defendant DENIES paragraph #1.

12. Defendant DENIES paragraph #2 through #10.

**VII. SECOND CAUSE OF ACTION 11 U.S.C.§523(a)(4)**

13. Defendant DENIES paragraph #1.

14. Defendant DENIES paragraph #2 through #10.

**VIII. SECOND CAUSE OF ACTION 11 U.S.C.§523(a)(6)**

15. Defendant DENIES paragraph #1.

16. Defendant DENIES paragraph #2 through #10.

**IX. ATTORNEY FEES**

Defendant seeks attorneys' fees and costs pursuant to C.C.P. 1717 and reasonable attorney's fees and cost of this defense as the court deems just and proper.

**IIX. SEPARATE AFFIRMATIVE DEFENSES**

Without waiving or excusing the burden of proof of Complainant, or admitting Defendant has any burden of proof,

Defendant hereby asserts the following Affirmative Defense:

### A. FIRST AFFIRMATIVE DEFENSE
### (Additional Defenses Reserved)

As a first, separate, and distinct affirmative defense to each and every alleged cause of action asserted against it, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, separate defendants available; whereby Defendant reserves the right to assert additional separate defenses in the event that discovery indicates that they would be appropriate.

### B. SECOND AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Defendant upon which relief can be granted.

### C. THIRD AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary and indispensable parties.

### D. FOURTH AFFIRMATIVE DEFENSE

Plaintiff conducted themselves in a negligent manner, such negligence proximately cause and contributed to the damage alleged, if any, and Plaintiff's recovery from this answering Defendant, if any, shall thereby be reduced in proportion to the amount of negligence attributed to Plaintiff.

### E. FIFTH AFFIRMATIVE DEFENSE

If any loss, injury, damage or detriment occurred as alleged in Plaintiff's Complaint, such loss, injury, damage or detriment was caused and contributed to by the wrongful actions of persons or entities other than that of the answering Defendant. Plaintiff's recovery from this answering Defendant, if any, shall

be reduced in proportion in the percentage of other person's or entities negligence or fault.

**F.    SIXTH AFFIRMATIVE DEFENSE**

At all times mentioned in the Complaint, persons or entities other than the answering Defendant so negligently, carelessly, and recklessly conducted themselves so as to proximately cause the incident, the alleged injuries, and damages, if any, and such conduct was the independent, intervening and superseding cause of the incident, the alleged injuries, and damages, if any sustained by Plaintiff. Plaintiff's recovery from this answering Defendant, if any, shall be barred completely.

**G.    SEVENTH AFFIRMATIVE DEFENSE**

Complaint and each alleged cause of action therein that purports to state a claim against the answering Defendant is barred by the doctrine of unclean hands by reason of Plaintiff's conduct and actions.

**H.    EIGHTH AFFIRMATIVE DEFENSE**

Complaint and each alleged cause of action therein that purports to state a claim against this answering Defendant is barred by the doctrine of waiver by reason of Plaintiff's conduct and actions.

**I.    NINTH AFFIRMATIVE DEFENSE**

Plaintiff is estopped, by reason of his/her/their conduct and actions, from asserting each or any of his/her/their claims herein.

**J.    TENTH AFFIRMATIVE DEFENSE**

Complaint and each alleged cause of action therein that

purports to state a claim against this answering Defendant is barred by the doctrine of laches due to Plaintiff's undue delay in bringing this action and causing prejudice to this answering Defendant.

**K.　ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiff had a duty to mitigate his/her/their damages and failed to do so, thus any recovery from this answering Defendant shall thereby be reduced by the amount of damages which would have and could have been avoided by Plaintiff, if Plaintiff had taken all necessary actions to mitigate his/her/their damages.

**L.　TWELFTH AFFIRMATIVE DEFENSE**

Defendant was reasonably justified in their actions with respect to Plaintiff due to the legitimate independent reasons unrelated to those complained by Plaintiff.

**M.　THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's Complaint is barred by the assumption of the risk by Plaintiff.

**N.　FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiff's claim is barred because Plaintiff consented to Defendant's acts or omissions, if any.

**O.　FIFTEENTH AFFIRMATIVE DEFENSE**

As a result of the acts of Plaintiff, Defendant was prevented from performing the obligation, if any, of which Plaintiff complained in the Complaint. Therefore, Plaintiff should be barred in whole or in part due to Plaintiff's prevention of performance on the part of this answering Defendant.

**P. SIXTEENTH AFFIRMATIVE DEFENSE**

Each cause of action alleged in the Complaint is barred by the independent, intervening and superseding action of other parties.

**Q. SEVENTEENTH AFFIRMATIVE DEFENSE**

Any and all damages sought by Plaintiff in the Complaint are non-compensable, economic losses which cannot be recovered from this answering Defendant.

**IV. SEPARATE AFFIRMATIVE DEFENSES**

51. Without waiving or excusing the burden of proof of Complainant, or admitting Defendant has any burden of proof, Defendant hereby asserts the following Affirmative Defense:

**FIRST AFFIRMATIVE DEFENSE**

**(Additional Defenses Reserved)**

52. As a first, separate, and distinct affirmative defense to each and every alleged cause of action asserted against it, Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, and as yet unstated, separate defendants available; whereby Defendant reserves the right to assert additional separate defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for denial of entry of judgment from this Court as to 11 U.S.C. §523(a)(2), and/or 523(a)(6), for attorney fees in defense of this proceeding, and for such other and further relief as the Court deems just and proper.

Date: October 3, 2025   /s/ Peter G. Macaluso
Peter G. Macaluso, Attorney at Law