UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re: ) Case No. 24-24588-B-7
)
COLTON PAULHUS, ) Adversary No. 25-2058
)
            Debtor(s). )
_____)
)
STEVEN SONZA, )
)
      Plaintiff(s), )
)
v. )
)
COLTON PAULHUS, )
)
      Defendant(s). )
_____)

## SCHEDULING ORDER

Pursuant to Federal Rule of Civil Procedure 16 and Federal Rule of Bankruptcy Procedure 7016, the following schedule shall be followed in this adversary proceeding:

| | |
|---|---|
| Pretrial conference: | May 12, 2026; 11:00 a.m. |
| Designation of experts: | February 27, 2026 |
| Close of discovery: | April 13, 2026 |
| Dispositive motions: | April 20, 2026 |
| Plaintiff's pretrial statement: | April 28, 2026 |
| Defendant's pretrial statement: | May 5, 2026 |

*FILED DEC 02 2025 UNITED STATES BANKRUPTCY COURT EASTERN DISTRICT OF CALIFORNIA*

## DISCOVERY

Discovery in this proceeding shall be completed by the date set forth above. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken, interrogatories answered, documents produced, admissions made, and any disputes relative to discovery shall have been raised by appropriate timely motion.

## DISCLOSURE OF EXPERT TESTIMONY

Experts shall be disclosed in accordance with Federal Rule of Civil Procedure 26(a)(2) not later than the date set forth above; supplementation shall be in accordance with Federal Rule of Civil Procedure 26(e)(2). Fed. R. Civ. P. 26, <u>incorporated by</u> Fed. R. Bankr. P. 7026.

## DISCOVERY DISPUTES

Discovery disputes may be raised pursuant to Federal Rules of Civil Procedure 26 and 37, as incorporated by Federal Rules of Bankruptcy Procedure 7026 and 7037. The court emphasizes the duty imposed by Federal Rule of Civil Procedure 37(a)(1) to certify good faith efforts to resolve the dispute without court action.

If a party files a motion presenting a discovery dispute, the times specified in Local Rule 9014-1 are hereby shortened, so that, unless specially set by the court on request directed through the courtroom deputy clerk, any hearing on a discovery dispute may be set on a law and motion calendar on not less than three calendar days from the date of service of the

notice and supporting papers. Motions presenting disputes relating to the conduct of depositions may be made orally at the time of the deposition by contacting the courtroom deputy clerk, who will make arrangements for the undersigned judge to appear by telephone on the record of the deposition to make all appropriate rulings.

If a party files a motion presenting a discovery dispute, evidence from both parties of their fees and expenses incurred in preparation of the motion must be presented so the court may make an expense award contemporaneously with its ruling on the discovery motion, as contemplated by, e.g., Federal Rule of Civil Procedure 37(a)(4). The parties are reminded that the court regards the expense award provisions of Rule 37 as costs of doing business in the discovery dispute arena and not as "sanctions." Polo Bldg. Group, Inc. v. Rakita (In re Shubov), 253 B.R. 540, 549-50 (9th Cir. BAP 2000).

## DISPOSITIVE MOTIONS

Dispositive motions, if any, must be filed by the date set forth above and shall be determined on affidavit pursuant to Federal Rules of Civil Procedure 43(e) and 56 and Federal Rules of Bankruptcy Procedure 7056 and 9017.

Pretrial motions need not be set on the court's regularly scheduled law and motion days. A party may arrange for setting a pretrial motion on calendar by contacting the courtroom deputy.

## PRETRIAL CONFERENCE

A pretrial conference will be held on the date set forth above in Department B, 501 I Street, 6th Floor, Sacramento, California. Counsel are cautioned that the counsel appearing for pretrial must be the trial counsel. A party may appear by way of telephone provided the party notifies Court Call Conference, 1-866-582-6878, at least three days prior to the scheduled conference. Failure to be at the telephone number provided will be treated as a failure to appear and may subject the party to sanctions.

## PRETRIAL STATEMENTS

Pretrial statements must be filed and served on the dates set forth above. Plaintiff and defendant shall file a final, joint statement of undisputed facts (which may merely adopt the undisputed facts listed in the pretrial statements) at least seven calendar days prior to the scheduled pretrial conference.

Each pretrial statement shall state the name of the party or parties on whose behalf it is presented and set forth the nature of the action and the following matters, under the following captions, and in the following order:

(1) *Jurisdiction*. A statement of the basis for jurisdiction and, even if it is a core proceeding, whether the party consents to have the matter heard and determined by a bankruptcy judge pursuant to 28 U.S.C. § 157(c)(2) if it is ever determined to be other than a core proceeding that a bankruptcy judge may hear and determine. Silence regarding the § 157(c)(2)

- 4 -

issue will be determined to constitute consent to have the matter heard and determined by a bankruptcy judge.

    (2) <u>Undisputed Facts</u>. A plain, concise statement of the facts that are undisputed.

    (3) <u>Disputed Factual Issues</u>. A plain, concise statement of each fact (and any related essential facts) that the party claims or concedes to be in dispute.

    (4) <u>Disputed Evidentiary Issues</u>. A plain, concise summary of any reasonably anticipated disputes concerning admissibility of evidence.

    (5) <u>Relief Sought</u>. The elements of monetary damage, if any, and the specific nature of any other relief sought.

    (6) <u>Points of Law</u>. A statement of the legal theory or theories of recovery or of defense and of any points of law (substantive or procedural) that are or may reasonably be expected to be in controversy, citing the pertinent statutes, rules, cases, and other authorities relied upon. Extended legal argument is not required in the pretrial statement.

    (7) <u>Abandoned Issues</u>. A statement of all issues raised by the pleadings that have been abandoned, including, for example, claims for relief and defenses.

    (8) <u>Witnesses</u>. A list of names, and, if not previously provided, addresses and telephone numbers of all prospective witnesses, separately identifying those the party expects to present and those it may call if the need arises. Only witnesses so listed will be permitted to testify at trial (note that the court construes the "solely for impeachment" exception to Fed. R. Civ. P. 26(a)(3)(A), <u>incorporated by</u> Fed. R.

Bankr. P. 7026, narrowly; when in doubt, disclose -- you are warned). Unless otherwise directed, the alternate direct testimony procedure under Local Bankruptcy Rule 9017-1, which requires direct testimony of certain witnesses initially to be in writing, will be used at trial, with the witness subjected to live cross-examination.

(9) <u>Exhibits - Schedules and Summaries</u>. A list of documents or other exhibits that the party expects to offer at trial. Only exhibits so listed will be permitted to be offered at trial, except as may be otherwise provided in the pretrial order.

(10) <u>Discovery Documents</u>. A list of all depositions, answers to interrogatories, and responses to requests for admissions that the party expects to offer at trial.

(11) <u>Further Discovery or Motions</u>. Any requests for further discovery or pretrial motions shall set forth the grounds for relief from this court's order setting a termination date for discovery in advance of the pretrial conference. Motions for relief from this order are not likely to be granted absent a strong showing of cause.

(12) <u>Stipulations</u>. Any stipulations requested or offered for pretrial or trial purposes.

(13) <u>Amendments - Dismissals</u>. Any requested amendments to pleadings, dismissals, additions, or substitutions of parties.

(14) <u>Agreed Statements</u>. A statement whether presentation of all or part of the action upon an Agreed Statement of Facts is feasible and advisable.

(15) <u>Attorney's Fees</u>. A statement whether attorney's fees are sought and the basis therefor.

(16) <u>Miscellaneous</u>. Any other appropriate comments, suggestions, or information that might aid in the disposition of the action, including reference to any matters set forth in Federal Rule of Civil Procedure 16(c), as incorporated by Federal Rule of Bankruptcy Procedure 7016.

## JURY DEMANDS

If a party believes it is entitled of right to trial by jury on an issue in this proceeding, such party must have demanded trial by jury pursuant to the provisions of Federal Rules of Civil Procedure 38 and 81(c)(3), which apply in this proceeding by virtue of Federal Rule of Bankruptcy Procedure 9015. Such a demand must have been made in the manner, and within the time, specified at Federal Rules of Civil Procedure 38(b) and 81(c)(3).

## TRIAL

The trial of this proceeding will be set at the pretrial conference. It is anticipated that the trial will be held within two to six weeks from the date of the pretrial conference.

Dated: December 2, 2025

_____
UNITED STATES BANKRUPTCY JUDGE

# INSTRUCTIONS TO CLERK OF COURT
## SERVICE LIST

The Clerk of Court is instructed to send the attached document, via the BNC, to the following parties:

Brandon Schwartz
Schwartz Apc
1104 Corporate Way
Ste. 244
Sacramento CA 95831

Sean P. Flynn
Gordon Rees Scully Mansukhani, LLP
1 E. Liberty Street
Suite 424
Reno, NV 89501